UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| CLYDE R. WEBSTER, | ) | Case No.: 1:25 CV 1547 |
| | ) | |
| Petitioner | ) | JUDGE SOLOMON OLIVER, JR. |
| | ) | |
| v. | ) | |
| | ) | |
| TOM WATSON, Warden, | ) | |
| | ) | |
| Respondent | ) | ORDER |

## I. INTRODUCTION

On July 2, 2025, Petitioner Clyde R. Webster ("Webster") filed a Petition for Writ of Habeas

Corpus ("Petition") (ECF No. 1), pursuant to 28 U.S.C. § 2254.[1] On August 4, 2025, under Local

Rule 72.2, the court referred the matter to Magistrate Judge Reuben T. Sheperd ("Judge Sheperd"

or "Magistrate Judge") to prepare a Report and Recommendation ("R&R"). The time for filing

objections has expired, and Petitioner has filed none.[2] On June 6, 2026, the Magistrate Judge issued

---

[1] Federal district courts apply the prison mailbox rule, accepting filings as of the date placed in the prison mail system. *See Houston v. Lack*, 487 U.S. 266, 270 (1988).

[2] The Report and Recommendation was forwarded to Petitioner at his last listed prison address. It was returned as "not deliverable as addressed, unable to forward." Further, an Ohio Department of Rehabilitation search produced no results for Petitioner or his inmate number.

his R&R, recommending that the court deny the Petition in its entirety and that a Certificate of Appealability not be granted.

For the following reasons, the court adopts Judge Sheperd's R&R (ECF No. 6) and denies Webster's Petition in its entirety. The court also declines to issue Webster a Certificate of Appealability.

## II.  STATE COURT HISTORY[3]

On February 13, 2019, a grand jury indicted Webster on two counts: Count One: Receiving Stolen Property, a fourth-degree felony under O.R.C. § 2913.51(A)(C); and Count Two:  Failure to Comply with an Order or Signal of a Police Officer, a third-degree felony under O.R.C. § 2921.33(B)(C)(5)(a)(ii).  (ECF No.5-1, pp.3-4).

After a jury trial, on November 9, 2022, the jury found Webster guilty of both counts and returned a special finding on Count Two that Webster's driving caused a substantial risk of serious physical harm to persons or property.  (*Id*. at p. 6).

On November 14, 2022, the trial court sentenced Webster to 24 months in prison on Count Two, and 12 months in prison on Count One, to be served prior to Count One pursuant to O.R.C. § 2921.33(D), and to be served consecutively, resulting in an aggregate 36-month prison term.  (*Id*. at pp. 7-8).  In addition, the state trial court sentenced Webster to mandatory post-release control of up to three years, but not less than one year. (*Id*. at p. 8).  Webster was awarded 49 days of jail-time credit.  (*Id*.)

## III.  FEDERAL HABEAS CORPUS PETITION[4]

---

[3]     The State Court History as set forth on Page 3 of the R & R.

[4]     Petitioner's claim as set forth on Page 5 of the R & R.

Webster asserts the following grounds in his Petition:

| | |
|---|---|
| Ground One: | Petitioner's 5th, 6th, and 14th Amendment Rights were violated by the trial court when it convicted him based on insufficient evidence, also giving improper and inaccurate jury instructions. |
| Supporting Facts: | State did not meet it's [*sic*] burden to the essential elements of the crimes for a conviction and the trial court gave improper and inaccurate jury instructions when defining "owner" and omitting the element of "operator," committing plain error and actual prejudice. |
| Ground Two: | Petitioner's 6th and 14th Amendment right were violated when he was denied effective assistance of appellate counsel. |
| Supporting Facts: | Appellate counsel committed acts of gross negligence, willfil deceit, and blatant lies during direct appeal, when Petitioner had a constitutional right to counsel. Appellate counsel's actions were in direct violation of the professional standard of conduct. |

## IV. CONCLUSION

Judge Sheperd recommended that the Petition was untimely. Further, there were no extraordinary circumstances that would warrant the granting of equitable tolling. He also recommended that the court find that Petitioner had not provided new evidence that would show he was actually innocent such as to overcome the statute of limitations on statutory or equitable grounds. Finally, the Magistrate Judge recommended that the court find, in the alternative, that Petitioner had failed to properly exhaust any of his claims and that he not be granted a Certificate of Appealability.

After careful *de novo* review of the R&R, and all other relevant documents in the record, the court finds that Judge Sheperd's recommendation is fully supported by the record and controlling case law. Accordingly, the court adopts the R&R in its entirety and hereby denies and dismisses the Petition (ECF No. 1). The court also certifies that there is no basis on which to issue a Certificate

-3-

of Appealability. Fed. R. App. P. 22(b); 28 U.S.C. § 2253(c).

      IT IS SO ORDERED.

                                      */s/ SOLOMON OLIVER, JR.*
                                      UNITED STATES DISTRICT JUDGE

July 28, 2026

-4-